UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JEROME BYERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CHILD SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF THE CASE**

1. Plaintiff, Jerome Byerly ("Byerly" or "Plaintiff"), by counsel, brings this action against the Defendant, Indiana Department of Child Services ("IDCS" or "Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*.

**II.   PARTIES**

2. Byerly is a resident of Crawford County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Byerly was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Byerly satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sex, age, and disability discrimination and retaliation. Byerly received the required Notice of Sue Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### III. FACTUAL ALLEGATIONS

9. Byerly was hired by IDCS on or about December 1, 2014 as a Family Case Manager.

10. Throughout all relevant times, Byerly met and/or exceeded IDCS' legitimate performance expectations.

11. On or about December 17, 2015, Byerly received a letter of counseling from the Office Director, James Snook, for allegedly offering to rub a female employee's shoulders and for alleging touching her on her arm. However, Byerly did not offer to rub her shoulders, nor did he touch this employee on her arm. Byerly complained that he was being falsely accused of sexual harassment. However, IDCS failed to conduct an investigation into Byerly's complaint.

12. Later that day, Byerly slipped on stairs and injured his back when leaving the office. As a result, Byerly went out on medical leave.

13. On or about December 21, 2015, Byerly filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation.

14. On or about December 22, 2016, Theresa Kerberg, Byerly's supervisor, called and advised him that he had to come into the office and complete a timesheet that day, or he would not get paid. Supervisors routinely complete timesheets for employees who are off work due to sickness or vacation, and even receive email reminders every two weeks to fill out the timesheets.

15. Byerly returned to work on or about December 29, 2016. Byerly was immediately subjected to a hostile work environment and began to be treated differently than his co-workers who did not file a charge of discrimination with the EEOC. For example, Byerly would routinely have 8-9 out of 10 reports returned to him with edits by Ms. Kerberg. Prior to filing his charge of discrimination, Byerly would rarely have reports returned to him by Ms. Kerberg. Byerly was also required to perform additional work that was not necessary after he filed his charge of discrimination with the EEOC.

16. Upon his return from medical leave, Byerly was subjected to different terms and conditions of his employment with IDCS than his similarly-situated female co-workers. Byerly's female co-workers were allowed to bring their cellphones into meetings and were allowed to use profanity in the workplace without repercussions.

17. On February 17, 2016, Byerly was verbally reprimanded for allegedly using profanity in the workplace. A female employee, Alicia Theiss, used profanity during a workplace luncheon on February 12, 2016 and on at least two other occasions, but she was not verbally reprimanded for the use of such language.

18. On or about February 26, 2016, John Kaiser, the Regional Director, advised Byerly that a pre-deprivation hearing was to occur that day as a result of allegations of unprofessional behavior and misconduct by Byerly.

19. Due to the short notice for this hearing, Byerly was unable to secure an attorney to sit in, so he attempted to record the hearing. However, Mr. Kaiser refused Byerly's request. At that time, Byerly advised Mr. Kaiser that he believed this hearing was in retaliation for filing the charge of discrimination with the EEOC.

20. The pre-deprivation hearing was held without Byerly as IDCS refused to allow him record the hearing. After the conclusion of the hearing, Mr. Kaiser advised Byerly that his employment was terminated effective February 26, 2016.

## IV. CAUSES OF ACTION

### COUNT I: GENDER DISCRIMINATION- TITLE VII

21. Byerly hereby incorporates by reference paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22. Byerly was subjected to different terms and conditions of his employment based on his gender.

23. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

24. Defendant's actions were willful, intentional and done with reckless disregard for Byerly's legally protected rights.

25. Byerly has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION IN VIOLATION OF TITLE VII

26. Byerly hereby incorporates by reference paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27. IDCS retaliated against Byerly for having filed a charge of discrimination with the EEOC when it subjected him to different terms and conditions of his employment and ultimately

terminated his employment.

28. IDCS' actions violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964.

29. IDCS' actions were intentional, malicious and done with reckless disregard for Byerly's legally protected rights.

30. Byerly has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jerome Byerly, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Byerly to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Byerly of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII;

5. Punitive damages for Defendant's violation of Title VII;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com


By: /s/ Krista A. Willike
Krista A. Willike
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (502) 561-3444
Email: kwillike@bdlegal.com

*Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff, Jerome Byerly, by counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

6

> By: /s/ Krista A. Willike
> Krista A. Willike
> 101 North Seventh Street
> Louisville, Kentucky 40202
> Telephone: (502) 561-3443
> Facsimile: (502) 561-3444
> Email: kwillike@bdlegal.com
> *Counsel for Plaintiff*

Dated 1/12/17.